Gene Alvin KRUPNICK, Appellant,

v.

Sherman H. CROUSE, Warden, Appellee.

Gene Alvin KRUPNICK, Appellant,

v.

KANSAS STATE PRISON, Appellee.

Nos. 8831, 8832.

United States Court of Appeals
Tenth Circuit.

Oct. 5, 1966.

Gerald T. Elliott, Kansas City, Kan.
(Edward G. Collister, Kansas City, Kan.,
on the brief), for appellant.

Richard H. Seaton, Asst. Atty. Gen. of
Kansas (Robert C. Londerholm, Atty.
Gen. of Kansas, on the brief), for appellee.

Before PICKETT and HILL, Circuit
Judges, and PAYNE, District Judge.

HILL, Circuit Judge.

These are appeals in two separate cases
which were consolidated for hearing.
Case No. 8831 appeals an order dismissing
appellant's petition for a writ of
habeas corpus. Case No. 8832 appeals an
order denying appellant's petition for an
injunction against officials of the Kansas
State Penitentiary.

*Case No. 8831*

The appellant is confined in the Kansas
State Penitentiary serving a sentence of
not more than ten years which was imposed
on July 7, 1955, in the District
Court of Barton County, Kansas, after a
jury trial.[1] Essential to an understanding
of appellant's contention in this case
are the following facts: On June 28,
1962, appellant filed an original habeas
corpus petition in the Kansas Supreme
Court. That petition was denied December
19, 1962. On November 2, 1962—
while the original petition in the Kansas
Supreme Court was still pending—appellant
filed a petition for a writ of habeas
corpus in the United States District Court
for the District of Kansas. The case was
docketed Number 3388 H.C. The writ
was denied. On March 31, 1966, appellant

---

1. During a substantial portion of the time
since appellant was sentenced he has either
been on parole or has been confined
by federal authorities, which explains why
the 10 year sentence has not expired.

filed another habeas corpus petition in the United States District Court for the District of Kansas. This case was docketed Number 4016 H.C. He was denied relief. It is from this ruling that appellant takes this appeal.

There is but a single issue presented: Did the court correctly determine that the issues presented by appellant's habeas corpus petition Number 4016 had previously been considered and determined adversely to him in his habeas corpus petition Number 3388?

The petition in Number 4016, the case now before the Court, is in appellant's own handwriting. In it, he contends, essentially, that his Constitutional rights were violated at his trial in Barton County, Kansas, in 1955. In summary, he alleges: (1) That he was denied the unqualified right to be heard through his retained counsel; (2) that he was wrongfully denied a continuance to enable his retained counsel to be present at the trial; (3) that he was denied the effective assistance of counsel; and (4) that because his Constitutional rights were infringed, the trial court was without jurisdiction.

Pursuant to the District Court's Order to Show Cause, the State of Kansas filed an Answer and Return. Appellant—still in the Lansing Penitentiary—then filed his "Traverse to the Answer and Return". The court, after considering the files in this case and the court records in the previous habeas corpus case (No. 3388 H.C.), dismissed the petition.[2]

The able trial judge, in dismissing this petition, apparently relied solely on the belief that the order in the previously dismissed case (No. 3388 H.C.) had determined all of the questions raised in the instant case. In this regard, it should be noted that a transcript of the hearing on the first petition was not available to the court at the time of the dismissal of this case. Such a transcript was furnished to this court by the state, by agreement of the parties, at the time this appeal was argued.

The transcript reflects that no evidence was taken at the time the first petition was dismissed and that the dismissal was primarily grounded upon the fact that Krupnick had a similar petition pending in the Kansas Supreme Court. It is true at the end of that order of dismissal the court, without an evidentiary hearing, stated "In any event it does not appear from the unchallenged facts that petitioner is being unlawfully restrained by the respondent."

■ Appellee points to this statement by the trial judge in the first case and contends that this statement indicates the requirements of the Supreme Court[3] have been met. We cannot agree. The District Court's concern was obviously not with the fact questions presented by the petitioner-appellant, but rather with the appellant's failure to exhaust state remedies. And it is for that reason the court concluded that " * * * this case is properly subject to dismissal." Thus, the merits of the grounds upon which he seeks relief have not been determined adversely to appellant in a prior application for federal relief.[4] For this reason, the case must be remanded to the District Court where it must examine the case on the merits to determine if an evidentiary hearing is required.

2. The court's "Memorandum and Order" dismissing appellant's petition contains its reasons:
  "From the uncontroverted allegations of the pleadings, the Court finds that petitioner's present contentions were presented to this Court in Case No. 3388 h. c., Gene Alvin Krupnick v. Sherman H. Crouse, Warden, and that the legality of the petitioner's detention was determined by an order entered January 4, 1963, after a full hearing; and that no appeal was taken from that order; and that the current petition presents no new ground not heretofore presented and determined.
  "The Court is satisfied that the ends of justice will not be served by further inquiry into the petitioner's detention."

3. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

4. See Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148.

*Case No. 8832*

In this case Krupnick sought a mandatory injunction to compel the state prison officials to extend to him certain mailing privileges. His claim is based on the refusal of those officials to permit him to mail a certain letter addressed to a "David S. Smith, Esquire" at Beverly Hills, California. The letter was rejected because it was not a business letter as permitted by the rules of the prison.[5]

The trial court properly refused relief to appellant for the reason it did not have any supervisory control over the administration of the state prison.[6] In addition, the questioned letter, which appears in the record, fails to disclose any business purpose. In fact its purpose is not disclosed by its contents because it is couched in vague and mysterious terms. At one point, the writer states his purpose is "to perpetuate the immortality of George". We believe the prison officials were clearly justified, under the mail rules of the institution, in rejecting the letter.

Affirmed.

5. The prison regulations provide that inmates may write business letters whenever necessary, but such a letter must pertain strictly to business affairs.

6. Pope v. Daggett, 10 Cir., 350 F.2d 296.