James T. LeVIER, Appellant,

v.

Mr. Robert N. WOODSON, Penal Director, et al., Appellees.

No. 485-70.

United States Court of Appeals,
Tenth Circuit.

June 1, 1971.

Joan Clifford, Boulder, Colo. (Robert B. Miller, Boulder, Colo., on the brief), for appellant.

Edward G. Collister, Jr., Asst. Atty. Gen. (Kent Frizzell, Atty. Gen., on the brief), for appellees.

Before SETH, McWILLIAMS, and ADAMS,* Circuit Judges.

McWILLIAMS, Circuit Judge.

The central issue is whether LeVier, a state prisoner, has the right under the First and Fourteenth Amendments to the United States Constitution to have prison officials forward correspondence addressed to certain state officials, in this instance the Governor, the state's Attorney General and the state's Pardon Attorney, in which correspondence LeVier allegedly complains about conditions at the prison where he is confined and seeks an investigation thereof. The trial court held that LeVier does not have such right. We disagree.

One does not lose all his constitutional rights when he enters a prison. *See* Bethea v. Crouse, 417 F.2d 504 (10th Cir.) and the many cases listed

---

* Of the Third Circuit, sitting by designation.

therein in support of this general proposition. As concerns the flow of mail from a penal institution, we recognize and approve the general rule that the regulation thereof is essentially an administrative matter for prison officials and that their action in regard thereto is not subject to judicial review except under the most unusual circumstances. *See*, for example, Pope v. Daggett, 350 F.2d 296 (10th Cir.) and Cox v. Crouse, 376 F.2d 824 (10th Cir.), *cert. denied*, 389 U.S. 865, 88 S.Ct. 128, 19 L.Ed.2d 136.

▇ However, by way of a narrow exception to the general rule, we hold that correspondence from a state prisoner to an appropriate state offical complaining about prison conditions is "sui generis in both logic and the case law" and accordingly is constitutionally protected. *See* Sostre v. McGinnis, 442 F.2d 178 (2d Cir.). We generally agree with the rationale of *Sostre* relating to the right of a state prisoner to correspond with his attorney, or the courts, or appropriate state officials concerning either the legality of his conviction or the conditions of his incarceration. It is noted that this is not a censorship case, as such; rather, LeVier complains that the letters which he wrote to the above mentioned state officials were returned to him by the respondents who refused to deposit them in the United States mails. LeVier initially complained also about the refusal of the respondents to mail his letter to a minister. However, on oral argument this phase of the controversy was abandoned.

▇ The present proceeding seeking injunctive relief by requiring the respondents to forward his mail to the *Governor*, *state's Attorney General*, and *state's Pardon Attorney* was brought pursuant to 42 U.S.C. §§ 1983 and 1985. Hence, we deem inapplicable the argument that LeVier has not affirmatively shown that he has exhausted various state remedies said by respondents in their brief to be available to him. *See* Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492.

The judgment of the trial court summarily dismissing without a hearing LeVier's petition is reversed and the cause remanded with direction that the trial court order the respondents to show cause, if such they can, why the relief prayed for by LeVier should not be granted.