Ricky Lee **WILKERSON**, Petitioner-Appellant,

v.

**WARDEN OF U. S. REFORMATORY, EL RENO, OKLAHOMA, et al.,** Respondent-Appellee.

No. 72–1354.

United States Court of Appeals, Tenth Circuit.

Aug. 7, 1972.

---

Ricky Lee Wilkerson, pro se.

Jerry Cord Wilson, Asst. U. S. Atty., Oklahoma City, Okl., for appellee.

Before LEWIS, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

## PER CURIAM.

Wilkerson, an inmate of the United States Reformatory at El Reno, Oklahoma, seeks to restrain the institution's warden from interfering with the ability of Wilkerson and an individual portrayed as his "best friend" to assist each other concerning legal matters. The "best friend" is also in federal custody, but his detention is at Bossier, Louisiana. The district court dismissed Wilkerson's action without a hearing. We affirm.

The case of Johnson v. Avery, 393 U. S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) has been cited in support of the position that the two friends not be precluded from generally providing each other with legal aid. One manner in which Wilkerson desires to be assisted by his layman friend is in the capacity of legal counsel on federal criminal charges stated to be pending against Wilkerson in Louisiana. As the district court noted, the rationale of *Johnson* obviously does not apply to such a situation where one is entitled to and receives legal representation. See, similarly, Guajardo v. Luna, 432 F.2d 1324 (5th Cir. 1970). In the instant case, there is no indication that the district court in Louisiana will not furnish Wilkerson with legal representation for any criminal proceedings. Wilkerson, however, also argues that *Johnson* requires a declaration that the geographically-distant friends be permitted to communicate as to the preparation and pursuance of post-conviction actions. *Johnson* cannot be so extended.

■ The question presented by a federal prisoner who wishes to correspond with another individual in a separate place of confinement is not resolved by the narrow exception engrafted on the general rule that the regulation of incoming and outgoing prison mail is essentially an administrative matter in which the courts will not intervene. Pope v. Daggett, 350 F.2d 296 (10th Cir. 1965); Krupnick v. Crouse, 366 F.2d 851 (10th Cir. 1966); and, Cox v. Crouse, 376 F.2d 824 (10th Cir. 1967), cert. denied 389 U.S. 865, 88 S.Ct. 128, 19 L.Ed.2d 136 (1967). The narrow exception expressly refers to correspondence with designated public officials, the courts, and the prisoner's attorney, for certain purposes. LeVier v. Woodson, 443 F.2d 360 (10th Cir. 1971) and Sostre v. McGinnis, 442 F.2d 178, 200 (2d Cir. 1971), cert. denied, Sastre v. Aswald, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972). It does not appear that Wilkerson has in any way been denied access to the courts in this regard. Cf. Nolan v. Scafati, 430 F.2d 548, 551 (1st Cir. 1970). That prison officials would restrain the type and method of communication sought by Wilkerson is not an unreasonable restriction. See Johnson v. Avery, supra, 393 U.S. at 490, 89 S.Ct. 747, 21 L.Ed.2d 718.

958

We notified Wilkerson that the court was considering summary affirmance. Although afforded an opportunity to submit a memorandum addressing the issues and opposing summary disposition, he has not responded. A careful review of the file and record in the case convinces us that the judgment of the district court is correct and that there is no need for further argument.

Affirmed.