**Xanthames J. SLEDGE # 88096–132 and Michael M. Hall # 29324–117, Plaintiffs,**

**v.**

**Norman CARLSON, Director, Bureau of Prisons, et al., Defendants.**

Civ. No. 75–0342–D.

United States District Court, W. D. Oklahoma, Civil Division.

Oct. 30, 1975.

Xanthames J. Sledge and Michael M. Hall, pro se.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for defendants.

ORDER

DAUGHERTY, Chief Judge.

This is a civil action for damages, declaratory and injunctive relief by two inmates at the Federal Reformatory, El Reno, Oklahoma in this judicial district for alleged violations of their constitutional rights. The prisoners who were held in disciplinary segregation do not complain of a lack of procedural process resulting in their confinement but contend that the conditions of their confinement constituted cruel and unusual punishment contrary to the Eighth Amendment because they were not permitted to have body lotion, aftershave, cosmetics and family photographs and infringed their First Amendment rights because some incoming mail has been delayed and other correspondence opened and a portion removed. The defendants have filed a Motion to Dismiss alleging a failure to exhaust administrative remedies, failure to state a claim, and immunity of the defendants.

In response the plaintiffs have asserted that they sought to utilize available administrative remedies but institutional officials failed and refused to furnish them appropriate forms and otherwise to process their complaints. Since a factual issue is presented which cannot now be resolved, the court will assume exhaustion and examine the complaint to determine if the plaintiffs have stated a claim upon which relief can be granted.

The allegations of the plaintiffs are clearly insufficient to establish cruel and unusual punishment in a constitutional sense. Their complaints are governed by the general rule that the basic responsibility for the control and management of penal institutions, including the discipline, treatment and care of those confined, lies with the Attorney General and is not subject to judicial review unless exercised in such a manner as to constitute clear abuse and caprice on the part of prison officials. *Bethea v. Crouse,* 417 F.2d 504 (CA10 1969); *Graham v. Willingham,* 384 F.2d 367 (CA10 1967). Segregation, as such, is not cruel or unusual punishment. *Graham v. Willingham,* supra; *Adams v. Pate,* 445 F.2d 105 (CA7 1971); *Sostre v. McGinnis,* 442 F.2d 178 (CA2 1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740; *Burns v. Swenson,* 430 F.2d 771 (CA8 1970); *Ford v. Board of Managers of New Jersey State Prison,* 407 F.2d 937 (CA3 1969). The test by which the plaintiffs allegations must be measured are as follows:

"It may be that the prison authorities in this case could have arranged to provide the petitioner with less onerous conditions of confinement. Under the guise of protecting constitutional rights, however, federal courts do not have the power to, and must be careful not to, usurp the responsibility that rests with the executive branch for the management of prisons. It is only when the deprivations of prison confinement impose conditions of such onerous burdens as to be of constitutional dimensions that courts may intervene in prison management. So long

as the rules of prison management are 'not so unreasonable as to be characterized as vindictive, cruel or inhuman,' so long as they 'are necessary or reasonable concomitants of imprisonment', so long as the regulations do not involve punishment or restraints 'intolerable in fundamental fairness,' so long as the rules are not exercised 'in such a manner to constitute clear arbitrariness or caprice', no constitutional rights are infringed." *Breeden v. Jackson*, 457 F.2d 578, 580 (CA4 1972).

The plaintiffs' allegations, if established would not constitute a violation of the Eighth Amendment. The mere deprival of cosmetics or family photographs in one's cell does not present the extreme type of situation required to establish an Eighth Amendment infraction. It appears that the common element in those cases which have found the conditions of confinement so shocking and debasing that they violate the Eighth Amendment is a deprivation of basic elements of hygiene. See *Novak v. Beto*, 453 F.2d 661, 665 (CA5 1971) and *Adams v. Pate*, supra at 109. The facts as alleged by the plaintiffs do not even approach such a showing. The article the denial of which apparently causes the plaintiffs the greatest distress is the body oil. It is a well known fact of prison life that such an item is frequently used to lubricate the rectum for the purposes of secreting narcotics and other contraband. Appropriate to the disposition of plaintiffs' Eighth Amendment claims are the words of this court in an earlier case, *Harbolt v. Alldredge*, 311 F.Supp. 688, 690 (W.D. Okl.1970):

". . . [The] petitioner has failed to state facts which, as a matter of law, constitute cruel and unusual punishment. The scope and meaning of cruel and unusual punishment is extensively discussed in *Jackson v. Bishop*, 404 F.2d 571 (Eighth Cir., 1968) at pp. 577–579. In a case where, as here, no allegation of physical injury nor departure from accepted methods of prison discipline were made, it was held that the Eighth Amendment could not be invoked. *Wright v. McMann*, 257 F.Supp. 739 (N.Y.1966)."

So too, the plaintiffs' complaints concerning their mail are subject to the general rule that the regulation of incoming and outgoing prison mail is essentially an administrative function with which the courts ordinarily will not interfere. *Pope v. Daggett*, 350 F.2d 296 (CA10 1965) and *Krupnick v. Crouse*, 366 F.2d 851 (CA10 1966). Hall claims there was a delay in the delivery of an Easter card from his family. Mere allegations of delay in the handling of inmate correspondence does not state facts indicating the denial of any basic rights. *Argentine v. McGinnis*, 311 F.Supp. 134 (S.D.N.Y.1969). Both claim that at least on one occasion their incoming mail was opened and a part of the contents removed. Apparently this was a photograph in the case of Hall. Sledge does not identify the item removed from his letter and presumably it also was a photograph or other contraband which he was forbidden to possess while in disciplinary segregation. We cannot assume a violation of constitutional rights. Simply because contraband is placed in the mail does not entitle the prisoner to its receipt or place it within the protective mantle of the First Amendment. There is no allegation that the letter itself or any other form of expression embraced within the protection of the First Amendment was withheld or deleted. There is no allegation that the handling of the plaintiffs' mail was not in accordance with applicable Bureau of Prisons policy. Policy Statement 7300.1A of the Federal Bureau of Prisons sets forth the Bureau's position with regard to general correspondence by the prisoners entrusted to its custody and was referred to with approval by the Supreme Court in *Procunier v. Martinez*, 416 U.S. 396, n. 13 at 412 and n. 14 at 414, 94 S.Ct. 1800, 40 L.Ed.2d 224. The petitioner's reliance upon that case moreover is misplaced since the court specifically did not treat the correspondence rights of a prisoner held in segregation for violations of pris-

on rules. 416 U.S. at 412 n. 12, 94 S.Ct. 1800. The opening and possible examination of general correspondence addressed to the plaintiffs does not amount to an infringement of either the First Amendment rights of the plaintiffs or their correspondents. Prison officials may open and read all outgoing and incoming correspondence to and from prisoners. *Sostre v. McGinnis,* supra, 404 U.S., at 201, 92 S.Ct. 719. As pointed out by the Supreme Court:

> "[F]reedom from censorship is not equivalent to freedom from inspection or perusal." *Wolff v. McDonnell,* 418 U.S. 539, 576, 94 S.Ct. 2963, 2984, 41 L.Ed.2d 935 (1974).

 In paragraph 14 of the Complaint plaintiff Sledge also perhaps attempts to raise a question of denial of access to the courts. He alleges:

> "On April 10, 1975 Plaintiff Sledge received a letter from his lawyer, Mr. Robert Heisler stating that he had not received correspondence which plaintiff Sledge had previously forwarded on legal matters."

Such an allegation, if proven, would not entitle him to relief. The court recognizes that inmates have an absolute right to correspond with their attorneys. *LeVier v. Woodson,* 443 F.2d 360 (CA10 1971). However, plaintiff does not allege that any of the defendants have interfered with this right or are responsible for the alleged failure of the attorney to receive plaintiff's correspondence. The mere failure of the addressee to have received mail raises no presumption of the violation of constitutional rights, much less the personal responsibility of these defendants.

The court concludes, therefore, that the plaintiffs have failed to state a claim upon which relief can be granted and the Motion to Dismiss should be sustained.

Accordingly, it is ordered:

1. The plaintiffs' request for the appointment of counsel is denied by the court in its discretion.

2. The defendants' Motion to Dismiss is sustained.

3. The Complaint is dismissed.