**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY BROWN,

      Plaintiff - Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; and SARA
JOHNSON, Correctional Officer, Lea
County Correctional Facility,

      Defendants - Appellees.

No. 01-2199

(D.C. No. CIV-00-1488-LH/LFG)

(D. New Mexico)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2). The case is, therefore, ordered

submitted without oral argument.

---

    * This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Billy Brown, a state prisoner proceeding pro se, brought this action in forma pauperis under 42 U.S.C. § 1983 alleging constitutional violations from the conduct of prison officials with respect to Mr. Brown's mail. In his original complaint, Mr. Brown contended that on August 13 and on August 28, 2000, prison officials mishandled correspondence with his attorney (the "legal correspondence"). In his amended complaint, Mr. Brown alleged that prison officials opened and reviewed a privileged letter from a radio station addressed to him on November 16, 2000 and also unlawfully intercepted a outgoing letter to the same radio station (the "media correspondence"). The district court sua sponte dismissed, with prejudice, Mr. Brown's claims regarding the media correspondence, see 28 U.S.C. § 1915(e)(2), but did not address the allegations concerning the legal correspondence. Mr. Brown appeals this decision and seeks leave to proceed in forma pauperis. For the reasons stated below we affirm the district court's dismissal and deny Mr. Brown's request to proceed in forma pauperis.

## I. DISCUSSION

### A. Legal Correspondence

In his original complaint, Mr Brown contended that (1) on August 13, 2000 prison officials intercepted a package from his lawyer; and (2) that on August 28, 2000, prison officials mishandled, opened, withheld and altered correspondence

-2-

from his attorney. He also contends that he sought administrative relief on these claims. Mr. Brown's attorney supplies an affidavit stating that he sent his client a copy of a petition for review of the denial of post-conviction relief in Oregon. Mr. Brown's counsel also filed the petition with the Oregon Supreme Court. Mr. Brown's attorney learned a month later that his client never received the correspondence.

The Defendants suggest that we need not consider the allegations regarding tampering with legal correspondence, as they were part of the initial complaint only, and Mr. Brown failed to reallege them in the amended complaint. See Fed. R. Civ. P. 10(c). We are mindful of our duty to liberally construe pleadings of pro se litigants. See Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). At the same time, we acknowledge that such litigants must adhere to the same rules of procedure as other litigants. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Also, we need not manufacture issues for pro se parties. See National Commodity and Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir. 1989). Nevertheless, because Mr. Brown's amended complaint clearly expresses the intention to "add[] a claim," Rec. doc. 9, at 1, we shall address all of his contentions.

The Defendants note that as to the August 13, 2000 package that was apparently lost, there was no deprivation of constitutional rights. They assert that

-3-

because his attorney filed the document in Oregon state court, Mr. Brown cannot claim denial of access to the courts.     See Lewis v. Casey , 518 U.S. 343, 350-51 (1996) (noting that  inmates have a right to receive legal advice from other inmates only when it is a necessary "means for ensuring a 'reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'") (quoting   Bounds v. Smith , 430 U.S. 817, 825 (1977)).  Similarly, Defendants claim there is no First Amendment violation because there is no evidence of improper motive.

Regarding the August 28, 2000 package, Defendants admit to opening this package in Mr. Brown's presence.  The package, however, was not marked as legal mail and had no return address on the outside of the box to suggest the return address.

We review de novo the district court's decision to dismiss the complaint under § 1915(e)(2), taking the allegations of the complaint as true.  See Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001).  There is no evidence that the Defendants caused any interference with either the August 13 or the August 28, 2000 package.  The Oregon court received the petition, so the loss of the August 13 package did not constitute interference with Mr. Brown's access to the courts.  Likewise, there is no evidence of improper motive, so Mr. Brown cannot assert a

First Amendment violation. The district court properly dismissed Mr. Brown's claims with respect to the August 13 package.

Additionally we note that Mr. Brown ultimately received the August 28, 2000 package. We agree with the Defendants that the August 28, 2000 incident was "an isolated incident, without any evidence of improper motive or resulting interference with [Mr. Brown's] right to counsel or to access to the courts." Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). In addition, prison officials may open an inmate's incoming legal mail to search for contraband in the presence of the inmate. See Wolff v. McDonnell, 418 U.S. 539, 577 (1974). Because the August 28, 2000 package was opened in Mr. Brown's presence, this incident "does not give rise to a constitutional violation." Smith, 899 F.2d at 944.

B. Media Correspondence

In his amended complaint, Mr. Brown included allegations that prison officials unlawfully opened correspondence addressed to him from a radio station and intercepted an outgoing letter to the same address. We agree with the district court's conclusions that the interception of the of the two items was reasonable. The incoming letter contained a check for Mr. Brown and was sent by his godmother, who worked at the radio station. Although inmates are generally allowed to correspond with the media, the correspondence was with Mr. Brown's godmother and was of a personal nature. The Defendants may regulate

correspondence thought to be disguised as privileged media mail. See Guahardo v. Estelle , 580 F.2d 748, 759 (5th Cir. 1978) (noting that the district court's decision did "not permit wholesale sending and receiving of mail to any address purporting to be that of a media representative" and that "prison authorities may have a reasonable time, when necessary, to verify that the addressee reflected on the face of an envelope is actually a member of the editorial or reporting staff of a media organization"). Likewise, we have stated that "[i]n the case of unprivileged incoming and outgoing prison mail, regulation by prison officials is 'essentially an administrative matter in which the courts will not intervene.'" United States. v. Gordon , 168 F.3d 1222, 1228 (10th Cir. 1999) (quoting Wilkerson v. Warden of U.S. Reformatory, El Reno , 465 F.2d 956, 957 (10th Cir. 1972)).

## II. CONCLUSION

We have carefully reviewed Mr. Brown's complaints and the record. For substantially the same reasons underlying the district court's May 22, 2001 Order, we affirm the dismissal of Mr. Brown's frivolous petition pursuant to 28 U.S.C. § 1915(e)(2) and we deny Mr. Brown's motion to proceed in forma pauperis. Mr.

Brown is advised that he must submit immediate payment of the unpaid balance

due in this appeal.


                                                         Entered for the Court,

                                                         Robert H. Henry
                                                         Circuit Judge