**Eddie David COX, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 9122.**

United States Court of Appeals
Tenth Circuit.

April 18, 1967.

Richard F. Waters, Junction City, Kan., for appellant.

Richard H. Seaton, Asst. Atty. Gen. of State of Kansas, for appellee.

Before MURRAH, Chief Judge, HILL, Circuit Judge, and EUBANKS, District Judge.

PER CURIAM.

Background facts necessary for a proper understanding of the issues raised in this appeal are not presently in dispute. On October 31, 1959, police officer, Lyle Koberstein, took the appellant, Eddie David Cox, into custody as suspected of passing a "no good" check at a jewelry store in Junction City, Kansas. After placing Cox in a police car and driving a short distance toward the station the appellant "whipped out his gun" and directed the policeman to drive to the outskirts of town. Upon reaching the limits of the city appellant ordered the officer to step away from the car and drop his gun belt but instead the officer went for his own gun, whereupon appellant shot the officer in his right arm. Thereafter appellant was charged with first degree kidnapping of officer Koberstein (along with other charges of felonious assault and first degree robbery.) Under the Kansas Statute, G.S. 21–449, first degree kidnapping, where harm is done to the victim is punishable by life imprisonment or by death. If no harm is inflicted upon the victim the punishment for kidnapping in the first degree is imprisonment for not less than twenty years.

On March 19, 1960, after the robbery charge was dismissed, a jury found the accused guilty of first degree kidnapping but specified in its verdict that same was accomplished without harm to the victim. The jury also found appellant guilty on the felonious assault charge. Appellant's motion for new trial was overruled and on April 5, 1960, he was sentenced to concurrent terms of 20 years to life on the kidnapping count and three to ten years on the assault count. Appellant's appeal to the Kansas Supreme Court resulted in a reversal and granting of a new trial (State v. Cox, 188 Kan. 500, 363 P.2d 528), upon the ground that the trial court was unwarranted in submitting the verdict form allowing a finding of "no harm" when the uncontradicted evidence showed harm to the victim. On September 8, 1961, Cox was rearraigned on the original information absent the robbery count, at which time he objected but being overruled stood mute and the court interposed a not guilty plea for him. On September 12, 1961, Cox appeared before the court again, withdrew the not guilty plea, and entered a plea of guilty to a lesser included offense of second degree kidnapping. At the same time he plead guilty to the assault count and was sentenced to 25 years on the kidnapping charge and from one to ten years on the assault charge but was allowed credit for time spent in custody

since his arrest. Subsequently on March 4, 1964, and at the request of Cox, this sentence was corrected to require confinement of not to exceed ten years on the assault count and not to exceed thirty years on the kidnapping count. It is worthy of note here that at the hearing on this motion for order nunc pro tunc to correct the sentence Cox appeared in person and by counsel (he has been represented by able counsel at all times since originally charged) and, although given an opportunity to do so, offered no legal or other reason why he should not be sentenced in accordance with law.

■ In the instant appeal Cox contends that he was twice placed in jeopardy for the same offense because the jury, by finding him guilty of kidnapping "with no harm to the victim", thereby found him not guilty of the higher offense of kidnapping "with harm", yet he was rearraigned on the original charge after such finding. In support of this contention he cites Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, wherein the accused was charged with first degree murder under the felony murder rule (arson) and also with the crime of arson. While finding Green guilty of arson the jury nonetheless and inconsistently found him guilty of only second degree murder. Therein the Supreme Court held that Green could not again be prosecuted for murder. Appellee denies that there was any double jeopardy in this case but calls our attention to cases (Brantley v. State of Georgia, 217 U.S. 284, 30 S.Ct. 514, 54 L.Ed. 768, and Kring v. State of Missouri, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506) acknowledging the right of a state, as distinguished from the Federal authorities, to reprosecute for the greater offense. We find it unnecessary to decide whether Cox, by re-arraignment on the original kidnapping charge, was again placed in jeopardy for an offense of which he had been acquitted. Here the appellant plead guilty after his rearraignment and thereby waived his defenses to the charge, including, but not by way of limitation, the defense of double jeopardy. See Cabellero v. Hudspeth, 10 Cir., 114 F.2d 545; Harris v. United States, 8 Cir., 237 F.2d 274; Morlan v. United States, 10 Cir., 230 F.2d 32; Curtis v. United States, 10 Cir., 67 F.2d 943; Brady v. United States, 10 Cir., 24 F.2d 399; and Blair v. White, 10 Cir., 24 F.2d 323.

■■ The second assertion or contention made by appellant is that his letters to his attorney have been opened, read, and the contents thereof communicated to the attorney general of Kansas. It is not questioned here that this censorship took place nor is it contended by appellant that by reason of same he was prevented effective representation. It is only asserted by counsel for appellant:—"I need not show prejudice—the fact that it happens presupposes prejudice; that knowing that this censorship exists of itself effectively prevents adequate counseling of a client." In this connection the able trial judge found that "this action by respondent was highly improper, but this court cannot infer that any prejudice arose to petitioner from it." We are in agreement with Judge Templar but hold as did he that such censoring is allowed by established law. See Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103; Pope v. Daggett, 10 Cir., 350 F.2d 296; Krupnick v. Crouse, 10 Cir., 366 F.2d 851; McCloskey v. State of Maryland, 4 Cir., 337 F.2d 72; Adams v. Ellis, 5 Cir., 197 F.2d 483; United States v. Randolph, D.C., 161 F. Supp. 553, and Green v. Maine, D.C., 113 F.Supp. 253.

Affirmed.