Joe Louis **DENSON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 602-69.

United States Court of Appeals,
Tenth Circuit.

April 15, 1970.

Rehearing Denied May 7, 1970.

Michael B. Lavinsky, Denver, Colo., for appellant.

James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan. (Robert J. Roth, U. S. Atty., Kansas City, Kan., with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

Joe Louis Denson, appellant, was convicted of second degree murder in the United States District Court for the District of Kansas, after a trial by jury.

On February 21, 1969, the appellant, an inmate in the United States Penitentiary at Leavenworth, Kansas, fatally stabbed another inmate, Morris Joseph. The record shows that Morris Joseph was stabbed nine times. Appellant did not deny that he stabbed Morris Joseph, but contended at trial that he was acting in self-defense.

Immediately after the stabbing, appellant was placed in disciplinary segregation. While so confined, appellant began to communicate with other inmates similarly confined. This communication was carried on in violation of prison rules by means of written coded messages which were given to inmate-orderlies who were asked to pass the messages to the various recipients. The inmate-orderlies, instead of delivering the messages as requested, gave them to the penitentiary correctional officers, who photocopied the messages and returned them to the inmate-orderlies with instructions to complete the delivery. There were approximately fifty messages handled in this manner. The photographic copies of these messages were given to the resident FBI agent who forwarded them to the FBI in Washington for decryptment. Three of these messages written by appellant contained self-incriminating statements, and the photographic copies were introduced into evidence by the prosecution together with their decryptments.

Appellant contends that the introduction of these messages into evidence was error. He presents two grounds for this contention: First, he argues that his constitutional rights were violated as a result of the admission of these messages; and secondly, that the admission of the photographic copies violated the best evidence rule.

■ Appellant argues that the admission of the messages violated his Fifth Amendment privilege against self-incrimination. The cases cited by appellant lend no support to this argument. There was no confession nor admission extracted from appellant through an unlawful interrogation or coercion as there was in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, nor were the admissions extracted from appellant through trick or deceit, as in Spano v. New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265. Appellant was merely permitted to do that which he set out to do.

■ Appellant contends also that the messages were secured by the Government by resort to entrapment. The facts of this case, however, fail to disclose any element of the defense of entrapment. As the Supreme Court of the United States pointed out in Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 821, 2 L.Ed.2d 848: "Entrapment occurs only when the criminal conduct was 'the product of the *creative* activity' of law-enforcement officials." There is nothing in the record before us to indicate that the sending of the messages by appellant in contravention of prison regulations was initiated by the Government. The mere fact that the prison authorities permitted the appellant to continue to do that which he was able and willing to do does not constitute entrapment. Wolford v. United States, 401 F.2d 331 (10th Cir.); Garcia v. United States, 373 F.2d 806 (10th Cir.).

■ Lastly, appellant urges that the messages were obtained through an unlawful search and seizure. The facts of the situation belie this argument. There was no search or seizure. The appellant voluntarily delivered the mes-

sages to the inmate-orderlies who voluntarily delivered them to the correctional officers. The record is devoid of any indication that even the inmate-orderlies were forced to deliver the messages to the correctional officers.

Even if the messages had been obtained as the result of a search and seizure, appellant would be in no better position for the Constitution does not prohibit all searches and seizures, but only unreasonable searches and seizures. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The messages in question here came into the possession of the penitentiary officials under established practices reasonably designed to promote the discipline of the institution. That prison officials may inspect or examine the effects and communications of prison inmates without depriving the inmates of their constitutional rights is well established. Cox v. Crouse, 376 F.2d 824 (10th Cir.) ; United States v. Morin, 378 F.2d 472 (2d Cir.) ; Vida v. Cage, 385 F.2d 408 (6th Cir.). This case is clearly within the ambit of the rules laid down by the Supreme Court of the United States in Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103, and by this court in Hayes v. United States, 367 F.2d 216 (10th Cir.).

■ As to the best evidence rule, the appellant also contends that the admission of photographic copies of the messages, rather than the originals, contravenes the rule. As far back as United States v. Reyburn, 6 Pet. 350, 364, 31 U.S. 350, 364, 8 L.Ed. 424, which is cited by appellant, the Supreme Court said that " * * * when the non-production of the written instrument is satisfactorily accounted for, secondary evidence of its existence and contents may be shown. This is a general rule of evidence applicable to criminal as well as civil suits." The record in this case provides a satisfactory account of the disposition of the original notes and their non-production is thereby "satisfactorily accounted for." An inmate-orderly testified that it was the usual procedure for inmates to tear up notes received from other inmates and flush them down the toilet. He further testified that one of the notes passed by appellant contained an instruction directing the addressee to so dispose of the note. Under the circumstances of this case the admission of photographic copies of the messages did not violate the best evidence rule. See also the use of secondary evidence in Manning v. United States, 215 F.2d 945 (10th Cir.).

■ Appellant's third contention is that he was denied a fair trial because of the Government's reference to his homosexual activities. A thorough review of the record in this case indicates that any references to homosexuality were either made by the defense on cross-examination or by the prosecution for purposes of impeaching defense witnesses, and we find no error.

In a pro se brief appellant contends that he was also denied a fair trial because of the court's refusal to subpoena witnesses in his behalf. The record again fails to disclose any merit in this assertion. All of the inmate-witnesses requested by appellant's attorney were made available.

Affirmed.