**Johnny Clint WIGGINS,**
**Plaintiff,**

v.

**Park J. ANDERSON, Warden, Oklahoma**
**State Penitentiary, et al.,**
**Defendants.**

**Civ. No. 73–69.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Feb. 13, 1974.

Johnny Clint Wiggins, pro se.

Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., Willard M. Gotcher, McAlester, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff, an inmate in the Oklahoma State Penitentiary has brought this action under the Civil Rights Act, 42 U.S. C. § 1983 against Defendant Park J. Anderson, then Warden of the Oklahoma State Penitentiary, and Defendants B. R. Parrach and O. D. Martin, Guards at the Oklahoma State Penitentiary, complaining that under color of State law said Defendants deprived Plaintiff of certain of his civil rights in connection with his confinement as a prisoner in said institution.

Plaintiff complains that a fire hazard exists in connection with the location of the prison work gang cells which are located over a hobby shop; that the two Defendant guards should be discharged; that Plaintiff was denied proper medical care because of a lung condition; that Defendant Martin sprayed Plaintiff with mace; that Defendant Parrach read a letter he mailed to the Court and finally, that the Court should investigate prison conditions.

Plaintiff seeks no money damages and no injunctive relief except the requested discharge of the two guards and that the Court move the maximum security cells to another location.

The Defendants have answered the Complaint denying the allegations thereof. The Court has conducted an evidentiary hearing. The State of Oklahoma has voluntarily produced the Plaintiff in open Court so that he may testify regarding his complaints.

On the evidence presented to the Court, the following findings of fact, conclusions of law and decision are made herein:

■ (1) Plaintiff's fire hazard contention is moot inasmuch as he is no longer confined in punishment work gang cells and, moreover, the evidence reveals these cells have been relocated at this time.

■ (2) Plaintiff's request that the two guards be discharged is beyond the authority of this Court,[1] is not within the scope of a civil rights action and, moreover, Plaintiff has failed to show sufficient cause for their discharge.

■ (3) Plaintiff's complaint of inadequate medical care as far as the Defendants are concerned is not supported by the evidence. Plaintiff was sent to the hospital where he received medication though he disagreed with the medicine prescribed by the doctor. As far as the Defendants Parrach and Martin are concerned it was Plaintiff's own testimony that each time he requested sick call his name was put on the list by the guards and forwarded to the next level of authority, the lieutenant in charge. Plaintiff acknowledged that the Defendants Parrach and Martin could do no more. Therefore, Plaintiff has received hospitalization and medication at the hands of a doctor and the Court finds and concludes that none of the Defendants violated Plaintiff's civil rights in connection with his medical care. Coppinger v. Townsend, 398 F.2d 392 (Tenth Cir. 1968).

■ (4) Plaintiff complains and testified that Defendant Martin sprayed him with mace while he was confined in a cell for talking too loud with an inmate in another cell. Defendant Martin testi-

---

1. The basic responsibility for prison administration is not subject to judicial review in the absence of clear abuse or caprice on the part of prison officials. Bethea v. Crouse, 417 F.2d 504 (Tenth Cir. 1969).

fied and denied having ever used mace on Plaintiff. The Court finds as true the testimony of Defendant Martin and disbelieves the testimony of the Plaintiff Wiggins. Therefore Plaintiff's claim of improper use of mace at the hands of Defendant Martin is not supported by a preponderance of the evidence.

(5) Plaintiff's claim of mail censorship by Defendant Parrach did not constitute a violation of Plaintiff's civil rights. Denson v. United States, 424 F.2d 329 (Tenth Cir. 1970).[2] Plaintiff testified that only one letter was read by Defendant Parrach. Plaintiff acknowledged that the letter involved reached its destination. The Court finds and concludes that this isolated, trivial instance does not amount to a civil rights violation by Defendant Parrach and does not warrant either his discharge or any injunctive relief.

(6) Plaintiff's request that the Court investigate prison conditions is beyond the office and duty of this Court and is without legal validity. 48 C.J.S. Judges § 46, page 1009 provides:

> "The function of a judge is to determine controversies between litigants, and he is not an adjunct or adviser, or an investigating instrumentality, of other agencies of government."

Based on the foregoing, the Court finds and concludes that Plaintiff's civil rights have not been violated by the Defendants as claimed by the Plaintiff and accordingly Plaintiff's action should be dismissed with prejudice and Judgment should be entered accordingly.

---

2. This case holds:
   " . . . That prison officials may inspect or examine the effects and communications of prison inmates without depriving the inmates of their constitutional rights is well established. Cox v. Crouse, 376 F.2d 824 (10th Cir.); United States v. Morin, 378 F. 2d 472 (2d Cir.); Vida v. Cage, 385 F.2d 408 (6th Cir.). This case is clearly within the ambit of the rules laid down by the Supreme Court of the United States in Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103, and by this court in Hayes v. United States, 367 F.2d 216 (10th Cir.)."