## No. 26043

### The People of the State of Colorado v. Louis Mejia, Sr.
(534 P.2d 779)

Decided March 24, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant was found guilty by a jury of dispensing a dangerous drug, and was sentenced to a term in the penitentiary. On this appeal, he advances several grounds for reversal, none of which has merit. The judgment of the trial court is therefore affirmed.

Two law enforcement agents posed as prisoners in the Weld County jail in order to gather information concerning the drug traffic in Weld and Larimer Counties. By this means, they acquired information that the defendant and one Costello Maldonado were sellers of narcotics. These two agents were then released from jail.

On the same day, they made contact with Maldonado and made inquiry about purchasing marijuana. Maldonado telephoned the defendant. The three men then drove to the defendant's home, where they were met by the defendant. He had no marijuana for sale but offered to sell the agents thirteen ''hits'' of ''acid'' [LSD]. This purchase was consummated for $30 and forms the basis of this criminal charge.

In the course of the defendant's trial, the prosecution introduced evidence of a transaction which occurred the day following the events charged in the information. In this subsequent transaction, the defendant sold thirteen additional LSD tablets to the agents for $25.

## I.

■ The defendant asserts that the admission of the testimony regarding the second sale is a basis for reversible error. We disagree. This evidence was offered by the prosecution to establish intent, knowledge and identity. *People v. Ihme,* 187 Colo. 48, 528 P.2d 380 (1974). In accordance with *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959), the jury was given a cautionary instruction as to the limited purpose of this evidence. The defendant's theory of the case was that he did not know that the pills he was selling were LSD or otherwise illegal. Accordingly, the subsequent transaction was relevant to the issues of the defendant's intent and knowledge. There was no impropriety in the trial court's admission of this evidence.

## II.

One of the undercover law enforcement agents testified as to the events surrounding the sale, and was asked why the agents avoided going into the defendant's home. He replied:

''We had previously purchased drugs from Mr. Mejia's son and we felt that us going in the house would ruin our undercover position. So rather than going in, we honked the horn.''

Immediately following this testimony, which even the prosecution had not expected, the trial judge ordered the jury to disregard it. The defendant then moved for a mistrial. The defendant contends on this appeal that the trial court erred in denying his motion for a mistrial.

It is presumed that the jurors followed the trial court's instruction to disregard this testimony. *Tomsak v. People,* 166 Colo. 226, 442 P.2d 825 (1968). In our view, the trial judge did not abuse his discretion in finding that this testimony was not so prejudicial to the defendant as to require a mistrial. It is to be noted that this testimony does not involve prior criminal activity of the defendant.

### III.

On direct examination, defense counsel asked the defendant if he had ever been arrested for misdemeanor offenses. The defendant replied that except for drunkenness, he had never been arrested. On cross-examination, the prosecution pursued this line of questioning by asking defendant if he had ever been arrested in Texas. Defendant's testimony indicated that he had been arrested for either the sale or the possession of marijuana. No objection by defendant's trial counsel was made to this line of questioning by the prosecution.

Defendant now contends on this appeal that his conviction must be reversed because the questioning by the prosecution should have been limited only to felony convictions. Defendant misconstrues this situation. The purpose of this line of questioning is to test the truth of the defendant's testimony on direct examination and on this basis, there is no error. In a case like this, where defendant's misrepresentations might mislead the jury unless corrected, such inquiry of the defendant on cross-examination is entirely proper. *Molton v. People,* 118 Colo. 147, 193 P.2d 271 (1948). *Cf., Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

### IV.

The trial court denied defendant's request for an instruction on entrapment, and therefore, according to the defendant, reversal of the trial court's judgment should be ordered. The record fails to reveal any evidence that the defendant was entrapped. In

no way was it shown that the defendant's crime was inspired by the action of the law enforcement agents. *People v. Lee,* 180 Colo. 376, 506 P.2d 136 (1973); *People v. Simmons,* 179 Colo. 431, 501 P.2d 119 (1972). Without such evidence, the instruction was properly denied. *Goddard v. People,* 172 Colo. 498, 474 P.2d 210 (1970); *Rumley v. People,* 149 Colo. 132, 368 P.2d 197 (1962).

The remaining issues raised by the defendant are without merit and require no discussion.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.