569 P.2d 336 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Thomas F. MORONES, Defendant-Appellant.
No. 76-121.
Colorado Court of Appeals, Div. III.
June 30, 1977.
Rehearing Denied July 14, 1977.
Certiorari Denied September 26, 1977.
*337 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., J. Stephen Phillips, Chief, Crim. Appeals, Denver, for plaintiff-appellee.
Rollie R. Rogers, Colo. State Public Defender, James F. Dumas, Jr., Chief Deputy Public Defender, Nancy E. Rice, Deputy State Public Defender, Denver, for defendant-appellant.
*338 BERMAN, Judge.
The defendant, Thomas F. Morones, appeals from his conviction, by a jury, of two counts of second degree forgery in violation of § 18-5-103, C.R.S.1973. We affirm.

I.
Defendant questions first the sufficiency of the information which was filed against him. He argues that the information is not "sufficiently clear and definite enough to enable a judge to submit it to a jury and enter judgment upon a conviction." We disagree.
An information is sufficient if the charge is in the language of the applicable statute, Loggins v. People, 178 Colo. 439, 498 P.2d 1146 (1972), or "if it advises the defendant of the charges he is facing so that he can adequately defend himself and be protected from further prosecution for the same offense." People v. Ingersoll, 181 Colo. 1, 506 P.2d 364 (1973). See Crim.P. 7(b); § 16-5-202, C.R.S.1973.
Here, the information contains five counts of second degree forgery, and each count is in the language of § 18-5-103, C.R.S.1973. Also, defendant does not contend that the information was insufficient to afford him an opportunity to defend himself, that he was misled, or that the charge and record are insufficient to bar further prosecution for the offenses defendant was convicted of. See Howe v. People, 178 Colo. 248, 496 P.2d 1040 (1972). On the contrary, defendant waived the preliminary hearing and did not request a bill of particulars, and the defense was furnished with all prosecution reports. Accordingly, we hold that the trial court properly refused to dismiss the information.

II.
Defendant was charged with five counts of second degree forgery. Each count alleges that the defendant unlawfully forged Mary Fromm's signature to her printed check with the intent of defrauding her. The five counts of the information are virtually identical, with the only distinction among counts being the date of the offense. Three of the counts allege an offense as having occurred on March 13, 1975, and the remaining two allege an offense as having occurred on March 17, 1975.
After the jury was sworn, defendant's counsel urged the insufficiency of the information on the basis that it was impossible to distinguish which count referred to which check. The court refused to dismiss the information, but ruled that only two counts could go to the jury, one for a March 13th offense and one for a March 17th offense. Accordingly, the court ordered the prosecution, at the conclusion of its case-in-chief, to elect one count for each date.
Based on the foregoing, defendant argues that the trial court abused its discretion in not ordering the prosecution to elect, prior to the presentation of any evidence, on which counts it would proceed. In this regard, defendant argues that since all of the allegedly forged instruments were introduced in evidence as probative of a common scheme or design, had the prosecution been forced to elect prior to the commencement of trial, the defense could have requested a limiting instruction, see Stull v. People, 140 Colo. 278, 344 P.2d 455 (1959), at the time such evidence was presented to the jury.
Assuming, arguendo, that the court properly required an election, we perceive no error in the court's ordering the election at the conclusion of the prosecution's case. Wills v. People, 100 Colo. 127, 66 P.2d 329 (1937). The matter of election rests largely in the discretion of the trial court, and here we cannot say that the trial court abused its discretion. Schreiner v. People, 95 Colo. 392, 36 P.2d 764 (1934).
And, since it was proper for the prosecution to elect at the conclusion of its case on which counts and checks it would rely, it follows that no error occurred in not giving a Stull limiting instruction prior to that time. Shier v. People, 116 Colo. 353, 181 P.2d 366 (1947). See Stull v. People, supra.
*339 Here, immediately following the election, the court offered to give a limiting instruction, but the defense did not then tender such an instruction, and accordingly no error can be predicated upon the court's failure to give such an instruction at that time. See People v. Mullins, 188 Colo. 23, 532 P.2d 733 (1975). Further, a Stull instruction was given at the conclusion of all the evidence, and we must presume that the jury followed the instruction as given. See People v. Mejia, 188 Colo. 120, 534 P.2d 779 (1975).
We have considered defendant's other arguments regarding this issue, and find them devoid of merit.

III.
While incarcerated, awaiting trial, defendant wrote a note to an individual who was imprisoned in another part of the same jail. Defendant handed the unsealed note to a matron and asked that it be delivered, but, following established procedure, the matron took the note to an officer so that he could scan it for security purposes. After examining the note, the officer photocopied it, and the copy was used in evidence.
Defendant argues that the interception and subsequent use of the note as evidence violated his constitutional rights. We do not agree.
Defendant voluntarily delivered the message to the matron who voluntarily delivered it to the officer, and accordingly no search and seizure was involved. Denson v. United States, 424 F.2d 329 (10th Cir. 1970).
Furthermore, even assuming a search and seizure was involved, it does not aid the defendant. Such a search and seizure was not unreasonable, and hence not constitutionally infirm. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The note in question came into the possession of the jail officials under an established practice designed to protect the security of the institution, and, as stated in Denson v. United States, supra, "prison officials may inspect or examine the effects and communications of prison inmates without depriving the inmates of their constitutional rights . . . . Cox v. Crouse, 376 F.2d 824 (10th Cir.); United States v. Morin, 378 F.2d 472 (2d Cir.); Vida v. Cage, 385 F.2d 408 (6th Cir.)." Cf. State v. Ellefson, 266 S.C. 494, 224 S.E.2d 666 (1976); see generally Annot., 52 A.L.R.3d 548.
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.