**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Robert SASSON, Defendant-Appellant.**

**No. 79CA0665.**

Colorado Court of Appeals,
Div. III.

Dec. 11, 1980.

Rehearing Denied Feb. 5, 1981.

Certiorari Denied May 11, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Miller & Gray, P. C., Robert Bruce Miller, Boulder, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant appeals his jury conviction of second degree burglary. We affirm.

The record reveals that police officers responding to a burglar alarm at approximately 4:30 a. m. on February 2, 1978, discovered defendant inside the Boulder Medical Center Pharmacy holding a bag containing various drugs. Some of the drugs were property of the pharmacy. At trial defendant admitted that he was guilty of the crime of second degree criminal trespass. However, he claimed that he was so intoxicated on the night in question that he was not aware of his actions and that, therefore, he lacked the specific intent required for conviction of second degree burglary. During the trial, both parties offered evidence concerning defendant's alleged state of intoxication.

On direct examination, defense counsel, having established that defendant had come to Colorado from New York in 1973, asked defendant the following questions and received the following answers:

"Q Have you been into any trouble in Colorado since you came out here?

A No, I haven't. Just what is going on now.

. . . .

Q Now, there have been allegations that you were found on February 1st, 1978, in the early morning hours with a bag of pharmaceutical drugs. Were you a drug dealer?

A No.

Q Were you a drug addict?

A No, I wasn't.

Q Do you know what you were doing with that bag of drugs, if indeed you had one?

A No."

At an *in camera* hearing subsequent to the completion of the direct examination of defendant, the prosecution informed the trial court that it intended to cross-examine defendant concerning a New York misdemeanor conviction for malicious mischief. Defendant objected on the ground that both the conviction and other evidence that he had been a drug addict while a high school senior involved events which occurred prior to 1973. When his objection was overruled, defendant requested and received permission from the trial court to resume the stand, expressly preserving his objection. He then testified on further direct examination about the misdemeanor conviction and about his drug addiction as a youth in New York.

Defendant first contends that the trial court erred in overruling his objection to the admission into evidence of the New York misdemeanor conviction. We agree, but find no reversible error.

■ Evidence of prior felony convictions is admissible to attack the credibility of a defendant who testifies on his own behalf. *People v. Montez*, 197 Colo. 126, 589 P.2d 1368 (1979); § 13–90–101, C.R.S.1973. However, a defendant's credibility may not be impeached by evidence of prior misdemeanor convictions. *See People v. Robles*, 183 Colo. 4, 514 P.2d 630 (1973). While evidence of prior misconduct, including misdemeanor convictions, may be admitted to attack the veracity of specific testimony by a defendant, *People v. Mejia*, 188 Colo. 120, 534 P.2d 779 (1975); *People v. Terranova*, 38 Colo.App. 476, 563 P.2d 363 (1977), impeachment of a defendant "may not be accomplished by attacking the general character of the witness." *People v. Taylor*, 190 Colo. 210, 545 P.2d 703 (1976).

■ Here, defense counsel specifically limited his questioning of defendant to defendant's activities since arriving in Colorado in 1973. Defendant's character witnesses also directed their testimony concerning defendant's reputation and character to the time subsequent to his departure from New York. Contrary to the People's argument, defendant's response to his attorney's question and his introduction of character testimony limited to his conduct in Colorado did not raise any inference of untrue testimony concerning his activities in New York. *See Lutz v. People*, 133 Colo. 229, 293 P.2d 646 (1956).[1] Hence, the trial court's ruling to allow cross-examination on the misdemeanor conviction constituted error.

■ Faced with that ruling, defendant treated it as the law of the case by expressly noting his continued objection while obtaining permission from the trial court to elicit the damaging evidence himself. In these circumstances, defendant's decision to re-open his direct testimony was analogous to the decision by a defendant who, faced with evidence erroneously and over objection elicited by a prosecutor on cross-examination, elects to explore the critical events on re-direct examination. In neither case should such decision be deemed a waiver of the objection. *See McCormick on Evidence*

1. Nor would such evidence have been admissible under Colorado Rules of Evidence 608(b), had that rule applied here, since the misdemeanor conviction is not probative of defendant's character for truthfulness or untruthfulness.

§ 55 (E. Cleary 2d ed. 1972); *Fred J. Brotherton, Inc. v. Kreielsheimer*, 22 N.J.Super. 385, 92 A.2d 57 (1952).

■ However, not every error in criminal proceedings is of such prejudicial effect as to require reversal of a conviction. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *People v. Bastardo*, 191 Colo. 521, 554 P.2d 297 (1976). An error in the admissibility of evidence which does not contribute to a defendant's conviction and which does not prejudice defendant in the minds of the jurors constitutes harmless error and does not constitute grounds for reversal of a conviction otherwise supported by the overwhelming weight of the evidence. *Early v. People*, 178 Colo. 167, 496 P.2d 1021 (1972).

Here, the fact that defendant had sustained a misdemeanor conviction unrelated to drugs was immaterial to any issue in the case. The evidence indicating that he had been a drug addict as a youth was much more prejudicial. We conclude that the evidence of the misdemeanor conviction did not contribute to defendant's conviction. Furthermore, the record discloses overwhelming evidence of defendant's guilt. Hence, the admission into evidence of defendant's prior misdemeanor conviction constituted harmless error. *See Early v. People, supra.*

■ Defendant also contends that the trial court erred in overruling his objection to evidence concerning his involvement with drugs as a youth. However, defendant's testimony on direct examination implied that he had no familiarity with drugs. That testimony did entitle the prosecution to challenge defendant's veracity respecting his asserted lack of such knowledge; thus, cross-examination regarding his former drug addiction would have been proper. *People v. Mejia, supra.*

Defendant further contends that the trial court erred in denying his motion to dismiss because the police failed to give him a blood alcohol test or a "breathalyzer" test at the time of his arrest. We disagree.

■ Negligent or intentional destruction of material evidence by the police may constitute grounds for dismissal of charges against a defendant. *See People v. Harmes*, 38 Colo.App. 378, 560 P.2d 470 (1976). However, defendant has suggested no authority for the novel proposition that police officers have an affirmative duty to procure evidence by testing the alcoholic content of a defendant's blood upon his arrest for suspected criminal conduct. We find no basis in policy to impose such a duty on investigating officers, and decline to do so.

■ Defendant argues that the trial court erroneously denied his motion for mistrial based upon unsolicited testimony by the manager of the pharmacy that several of the bottles found in defendant's bag did not belong to the pharmacy. Defendant claims that this testimony was prejudicial because it suggested to the jury that he had been involved in other drug thefts. This testimony did not raise an inference of other criminal conduct by defendant. Furthermore, any possible prejudice from such evidence was cured when the manager went on to testify that the samples could have come from an office adjoining the pharmacy through which defendant made his entry on the night in question.

■ We conclude that defendant's further contentions that the evidence was insufficient to support a conviction for the offense charged and that the trial court erroneously denied certain tendered jury instructions are without merit.

Judgment affirmed.

RULAND and STERNBERG, JJ., concur.