The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Janice WOLFE, Defendant-Appellant.**

No. 82CA0421.

Colorado Court of Appeals, Div. II.

March 31, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Francis Culkin, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Janice Marie Wolfe, seeks to reverse her conviction of theft. We affirm.

## I.

Wolfe first contends that the information was fatally defective because it failed to provide her adequate notice of the time at which the offense allegedly occurred. We disagree.

Wolfe was charged by information which read in pertinent part as follows:

"[B]etween the 27th day of July, A.D. 1979, and the 8th day of August, 1980, at the City and County of Denver, State of Colorado, Janice Marie Wolfe, also known as Jann M. Wolfe and Jann-Wolfe-La-Guardia, did unlawfully, feloniously, and knowingly commit the crime of theft by unlawfully taking a thing or things of value, to-wit: money, value ten thousand dollars ($10,000) or more, of James F. Haskins and Associates, Inc., contrary to the form of the statute in such case made and provided and against the peace and dignity of the People of the State of Colorado."

Wolfe relies on the following language contained in § 18–4–401(6), C.R.S.1973 (1978 Repl.Vol. 8):

"[I]t shall be sufficient to allege that, *on or about a day certain,* the defendant committed the crime of theft . . . . " (emphasis added)

Generally, an information is sufficient if the charge is in the language of the applicable statute, or if it advises the defendant of the pending charges so that the defendant may adequately prepare a defense and be protected from further prosecution for the same offense. *People v. Morones,* 39 Colo.App. 451, 569 P.2d 336 (1977). However, an information need not follow the exact wording of the statute, *Loggins v. People,* 178 Colo. 439, 498 P.2d 1146 (1972), and need not plead an offense in such detail as to be sufficient, *in and of itself,* to define the bar to further prosecution for the same offense, for it is the judgment which constitutes the bar, and the extent of the judg-

ment will be determined from an examination of the record as a whole, not merely from the wording of the information or indictment. *Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972).

■ The information at issue here comports with the language of the theft statute in the manner in which it alleges the time of the offense. As to that portion of the information, examination of the entire statute leads us to conclude the phrase "on or about a date certain" is but a minimum requirement, and language approximating the notice it intends to provide a defendant is sufficient. Furthermore, the statute itself requires that, upon request, a bill of particulars must be supplied to a defendant. This requirement constitutes a safeguard to insure that the information by which a defendant is charged will be sufficiently definite in its terms. *People v. District Court,* 198 Colo. 501, 603 P.2d 127 (1979).

Here, the information, on its face, addresses the questions of who, what, where, and how the alleged crime was committed; further, it provides notice of when the alleged crime occurred characterized as a period of time bounded by two specific dates. In addition, defendant requested and received a bill of particulars which listed every transaction and the date that transaction was allegedly committed by defendant. Based upon the information and the bill of particulars, and in light of the applicable law, we conclude nothing more was required to advise defendant of the charge filed against her to allow her to prepare her defense. Hence, dismissal of the information was properly denied.

### II.

■ Defendant also contends that the trial court improperly admitted into evidence duplicates of materially altered records or documents or duplicates which contained alterations which differed materially from the originals. We disagree.

Specifically, defendant complains that copies of bank records, check registers, and a purported admission by defendant were defaced by either notations, audit marks, or conclusional comments such as "not in CB," and that the introduction of these items into evidence therefore substantially prejudiced her. She does not contend that the use of duplicates, in and of itself, was improper, but rather that the notations added to the copies of the records themselves render them improper.

If alterations in the duplicates and/or the originals of otherwise admissible documents have been made, such documents are still admissible provided a full and satisfactory explanation of such alterations is made prior to their admission. *Cliff v. People,* 84 Colo. 254, 269 P. 907 (1928). While this case predates the Colorado Rules of Evidence, it is still sound law within the context of the rules. Indeed, CRE 1003 provides that:

> "A duplicate is admissible to the same extent as an original unless:
>
> . . . .
>
> (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

The full explanation requirement enunciated in *Cliff v. People, supra,* is sufficient to insure that unfairness is avoided.

■ Here, the defacing notations were explained in great depth and every effort was made to eliminate any confusion which they might have caused. Further, these notations did not constitute any evidence in and of themselves. In light of all of the evidence adduced at trial, we can find nothing in these notations which could have prejudiced any substantial right of Wolfe. See *Cliff v. People, supra.* Accordingly, the introduction of these documents into evidence was not error.

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.