**Oren Alfred BANEK, Plaintiff-Appellee,**

v.

**J.L. THOMAS, individually and in his official capacity as a Weld County Deputy Sheriff; Thomas C. Reitz, individually and in his official capacity as a Weld County Deputy Sheriff, Defendants-Appellants.**

**No. 82CA1302.**

Colorado Court of Appeals,
Div. I.

July 19, 1984.

Rehearing Denied Aug. 30, 1984.

Certiorari Granted March 11, 1985.

McNew & McNew Jeb McNew, Barbara Scherer McNew, Nocona, Tex., for plaintiff-appellee.

Vanatta & Halaby, P.C., Theodore S. Halaby, Jonathan A. Cross, Denver, Thomas O. David, Weld Co. Atty., Greeley, for defendants-appellants.

BABCOCK, Judge.

Defendants, J.L. Thomas and Thomas C. Reitz, appeal the judgment of joint and several liability entered upon a jury verdict awarding $75,000 compensatory and $10,000 punitive damages to plaintiff upon his claim for assault and battery by use of excessive force during the course of an arrest. We reverse.

Prior to trial of this civil action, plaintiff was convicted following jury trial of resisting arrest, a class II misdemeanor. This conviction arose out of the same circumstances as plaintiff's civil claim. During trial on the civil claim, after plaintiff denied on direct examination having resisted the arrest, plaintiff's misdemeanor conviction was offered by defendants for the limited purpose of impeaching plaintiff's veracity. The trial court refused to admit it on the grounds that it constituted inadmissible hearsay and did not qualify as an exception to the hearsay rule under CRE 803(22).

Defendants contend that this ruling was erroneous. We agree.

■ CRE 801(c) defines hearsay as "a *statement* other than one made by the declarant while testifying at the trial or hearing, *offered in evidence to prove the truth of the matter asserted.*" (emphasis added) Here, the prior misdemeanor conviction is not a statement, CRE 801(a), and was offered to attack plaintiff's veracity, not to prove the truth of the matter asserted. Therefore, it does not constitute hearsay. Unless evidence constitutes hearsay as defined by CRE 801, there is nothing to which the exceptions contained in CRE 803 may apply.

■ Generally, credibility may not be impeached by evidence of prior misdemeanor convictions. *People v. Sasson,* 628 P.2d 120 (Colo.App.1980); *see People v. Robles,* 183 Colo. 4, 514 P.2d 630 (1973). However, evidence of prior misdemeanor convictions may be admitted to attack the veracity of specific testimony. *People v. Mejia,* 188 Colo. 120, 534 P.2d 779 (1975); *People v. Sasson, supra; People v. Terranova,* 38 Colo.App. 476, 563 P.2d 363 (1976).

■ Here, plaintiff specifically denied during direct examination that he had resisted arrest. Therefore, evidence of the prior misdemeanor conviction was admissible to attack the veracity of this specific testimony.

■ Nor can this error be deemed harmless. *See* C.R.C.P. 61; CRE 103(a). The parties' testimony as to what occurred during the arrest was in sharp conflict, and determination of their credibility was critical to the jury's verdict. Thus, the verdict could have been different had the jury been afforded the excluded evidence which was relevant to the parties' relative veracity.

■ Plaintiff also contends that defendants' offer of proof was inadequate. We disagree and conclude that the offer complied fully with the provisions of CRE 103.

Because of our disposition of these issues, it is unnecessary to address defendants' remaining contentions.

The judgment is reversed and the cause is remanded for new trial on all issues.

PIERCE, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

I respectfully dissent.

In my view, CRE 803(22), relied upon by the trial court in refusing to admit evidence of the misdemeanor conviction, is the focal point of this appeal. That rule allows introduction of:

"Evidence of a final judgment, entered after a trial ... adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment...."

The class II misdemeanor of resisting arrest, § 18–8–103, C.R.S. (1978 Repl.Vol.8), is not an offense punishable by imprisonment in excess of one year. *See* § 18–1–106, C.R.S. (1983 Cum.Supp.). Had the drafters of the rule in question so desired or intended they could have also included a misdemeanor conviction within the scope of the rule. They did not choose to do so and we err in adding misdemeanor convictions to the rule.

Moreover, the fact that the plaintiff had been convicted of a misdemeanor did not rebut any statement of the plaintiff. Thus, *People v. Mejia,* 188 Colo. 120, 534 P.2d 779 (1975); *People v. Sasson,* 628 P.2d 120 (Colo.App.1980), and *People v. Terranova,* 38 Colo.App. 476, 563 P.2d 363 (1976), relied on by the majority, are inapposite. In those cases the veracity of specific testimony was attacked. Here, the only probative value of the misdemeanor conviction is to influence the jury improperly on a key issue in the case. The evidence, therefore, is totally irrelevant, and highly prejudicial.

Thus, the trial court was correct in not allowing evidence of the misdemeanor conviction to be admitted and the judgment should be affirmed.