The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Claude R. JENKINS, Defendant-Appellant.

No. 84CA1279.

Colorado Court of Appeals, Div. II.

Dec. 19, 1985.

Rehearing Denied Jan. 16, 1986.

Certiorari Denied (Jenkins) March 31, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter Jay Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Kevin L. Strobel, Deputy State Public Defenders, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant Claude R. Jenkins appeals from the judgment of conviction entered upon a jury verdict finding him guilty of possession of a weapon by a previous offender. We affirm.

In order to prove defendant's status as a previous offender, the prosecution placed an exhibit into evidence containing, *inter alia,* an arraignment journal showing that defendant had been convicted of a felony and the documents were obtained from the Kansas State Penitentiary. An "arraignment journal" in Kansas is the functional equivalent of a mittimus in our practice; by statute the original of the document is delivered to the correctional institution. K.S.A. 75–5218. The documents were certified by the Director of Records of the penitentiary to be true and correct copies of the original documents he held in his possession. The signature of the Director of Records on the certification was acknowledged by a Kansas notary. The arraignment journal was not certified by either the trial court that had entered the judgment of conviction or by the clerk of the court in which it was entered.

Defendant contends the trial court erred in admitting a photocopy of the arraignment journal in violation of the best evidence rule. We disagree.

Defendant argues that he raised a genuine question as to the authenticity of the original document when he pointed out to the court that the convict registration number on the arraignment journal was 7647 while the Director of Records certified the arraignment journal to be that of convict number 7646. The court found this discrepancy went to the weight not the admissibility of the document.

In order to prove the contents of a writing, the original writing must be offered into evidence except as otherwise provided by the Colorado Rules of Evidence and the statutes of the State of Colorado or the United States. CRE 1002. A duplicate is admissible to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or under the circumstances it would be unfair to admit the duplicate in lieu of the original. CRE 1003.

■ Documents accompanied by a certificate of acknowledgment executed by a notary are self-authenticating without the need for extrinsic proof of authenticity. CRE 902(8). Alterations to original documents must be fully explained prior to their admission into evidence. *Cliff v. People,* 84 Colo. 254, 269 P. 907 (1928); *People v. Wolfe,* 662 P.2d 502 (Colo.App.1983).

■ Here, the Director of Records sent a Certificate of Acknowledgment along with the arraignment journal certifying that the photocopy of the journal was a true and correct copy of the original within his possession. With this certification, the question of the authenticity of the original was resolved. The defendant did not raise a question as to the authenticity of the original, but rather noted a discrepancy between numbers on the original arraignment journal and a notation on the director's certificate. The trial court correctly held that this discrepancy pertained to the weight not the admissibility of the document.

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.