The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Theodora Marie Agnes WAGNER, Defendant-Appellant.

No. 84CA0827.

Colorado Court of Appeals, Div. II.

April 17, 1986.

Rehearing Denied May 15, 1986.

Certiorari Denied (Wagner) Sept. 29, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Michael J. Heher, Deputy Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

The defendant, Theodora Marie Agnes Wagner, appeals from the judgment of conviction entered upon a jury verdict finding her guilty of reckless manslaughter. We affirm.

Defendant first contends that the trial court's denial of her motion to dismiss or for the imposition of sanctions deprived her of due process of law because the prosecution failed timely to perform a routine "rape kit" examination of her shortly after she shot the victim on the night of September 12, 1983. Under the circumstances of this case, we find no error.

When questioned by the investigating officer during the early morning hours of the day following the shooting of the victim by the defendant, defendant told the officer that she had been raped by the victim. After questioning, defendant was placed in a holding cell. At approximately 8:45 that morning, the investigating officer told defendant that she had a right to have a "rape" or "pelvic examination," but defendant refused. Defendant was then taken to the Adams County jail where she was re-

quired to shower. Pursuant to an order obtained by defense counsel, a rape examination was conducted later that same day. The examination showed neither the presence of sperm nor any indication of trauma to defendant's pelvic area.

■ The determination whether defendant's due process rights were violated by the failure of the prosecution timely to perform a rape examination requires that each of the following criteria be satisfied: (1) there must have been evidence suppressed by the prosecution; (2) the evidence must be favorable to the defense; and (3) the evidence must be material. *See People ex rel. Gallagher v. District Court,* 656 P.2d 1287 (Colo.1983). The right to due process of law does not include the right to be afforded scientific testing in all circumstances; the state may not suppress evidence, but it need not gather evidence for the accused. *See People v. Roark,* 643 P.2d 756 (Colo.1982); *People v. Sasson,* 628 P.2d 120 (Colo.App.1980).

Here, the trial court found on supporting evidence that when defendant was offered a rape or pelvic examination she refused. The trial court ruled that the actions of the police were inadequate because they failed to urge more forcefully that defendant submit to a rape examination. However, it concluded that, once she rejected the examination, the police had no further duty to obtain a test, and thus, there was no suppression of evidence by the prosecution. We agree with the trial court's conclusion that there was no suppression of evidence by the prosecution.

■ Under the circumstances of this case, there has been no showing that the evidence would have been material. The prosecution was based on a theory that defendant and the victim had met at a bar, had drinks, retired to defendant's home, and engaged in sexual intercourse, following which there was an argument culminating in the shooting. It was the theory of defense that defendant shot the victim in self-defense following forced intercourse, *i.e.,* a sexual assault. Thus, although the circumstances surrounding the sexual intercourse were in conflict, the fact of inter-

course was not. Consequently, there being no indication of trauma to the pelvic area, a positive result from a rape examination would merely corroborate the admitted sexual intercourse, a fact not in issue, *see People v. Roark, supra,* and would constitute evidence merely incidental to the prosecution's case and defendant's theory of defense. *Cf. People ex rel. Gallagher v. District Court, supra.* We hold that the failure of the police to require defendant to undergo a rape examination when it was first offered to her did not violate defendant's right to due process of law.

Contrary to defendant's contention, our review of the record leads us to conclude that there is sufficient evidence to form a rational basis for a verdict acquitting defendant of the offense of second degree murder and convicting her of the lesser included offense of reckless manslaughter. *See People v. Santisteven,* 693 P.2d 1008 (Colo.App.1984); *see also People v. Mares,* 705 P.2d 1013 (Colo.App.1985).

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.