The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Frederick Raymond CORDOVA, Defendant–Appellant.

No. 91CA0277.

Colorado Court of Appeals, Div. IV.

Nov. 5, 1992.

Rehearing Denied Jan. 7, 1993.

Certiorari Granted July 6, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, F. Brittin Clayton, III, Special Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Frederick Raymond Cordova, appeals a judgment of conviction entered upon a jury verdict finding him guilty of sexual assault on a child. We affirm.

Defendant, the live-in boyfriend of the victim's mother, was charged with two counts of sexual assault.

The first count concerned alleged ongoing assaults during the period from November 1, 1987, to April 30, 1988, when the victim, her family, and the defendant resided together in an apartment. However, as to this count, a single incident or transaction was never identified, and thus, the trial court dismissed the count at the end of the evidence.

The second count related to a specific incident that allegedly occurred between March 28, 1988, and June 3, 1988 at a second residence. Defendant was convicted on the second count.

## I.

Defendant first contends that the trial court erred by improperly admitting into evidence pursuant to § 13–25–129, C.R.S. (1987 Repl.Vol. 6A), hearsay statements by the victim of sexual contact. We disagree.

Section 13–25–129 provides a special hearsay exception for out-of-court statements made by a child describing any act of sexual contact, intrusion, or penetration not otherwise admissible into evidence. In order for the exception to apply, the court must make certain findings in a hearing conducted outside the presence of the jury.

Those findings include that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. The child must testify at the time of trial, or if unavailable to testify, there must be corroborative evidence of the act which is the subject of the statement. The court must also give the jury a limiting instruction on the hearsay evidence.

■ There are several factors that the court can use to measure reliability, although these factors are not immutable and should not be used to foreclose admissibility on the basis that one factor has not been satisfied. These factors include:

(1) Whether the statement was made spontaneously;

(2) whether the child was still upset or in pain from the alleged abuse;

(3) whether the language of the statement was likely to have been used by a child the age of the declarant;

(4) whether the allegation was made in response to a leading question;

(5) whether either the child or the hearsay witness had any bias against the defendant or any motive for lying;

(6) whether any other event occurred between the time of the abuse and the time of the statement which could account for the contents of the statement;

(7) whether more than one person heard the statement;

(8) the general character of the child.

*People v. District Court*, 776 P.2d 1083, 1089 (Colo.1989).

Here, the trial court held an appropriate *in limine* hearing to determine the reliability of the hearsay statements pursuant to the statute; and, in reaching its determination, the trial court made specific reference to the eight factors stated above. Although the court did not go through each factor for each witness, the record reflects proper references to time, content, and circumstances as required by the statute. *People v. Bowers*, 801 P.2d 511 (Colo.1990). Hence, there was no abuse of discretion in determining that the hearsay testimony was reliable.

■ Defendant contends that, during its analysis of the hearsay statement's reliability, the trial court improperly deferred several issues for resolution by the jury. Specifically, the court stated that the victim's character was "something I don't know much about. I'm going to leave it to the jury to make that determination." When referring to an interview with the victim conducted by a social worker, the court expressed some concern that the child's mother had been present during the interview but, on balance, found that the statements made by the victim to the social worker met the reliability standard of the hearsay exception. The court further stated, "But I think those are issues of credibility which the jury is going to have to determine." Finally, when analyzing statements made by the victim to a police detective, the court again expressed concern about the "cumulative effect and sort of rehearsal factor" of the child's statements, but found the statements reliable, stating, "I think that is something the jury can deal with."

We hold that these statements do not constitute an improper delegation of duty from the court to the jury. While it is the court's responsibility to determine the reliability of hearsay statements under § 13-25-129 by a preponderance of the evidence, it is the jury's duty to then weigh the evidence in determining guilt or innocence. In fact, the jury is specially instructed to weigh the evidence in light of "the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor." *See* § 13-25-129(2), C.R.S. (1987 Repl.Vol. 6A). In the context of the trial court's analysis under the statute, the record reflects that the court was only underscoring the jury's duty, and no improper delegation occurred.

## II.

■ Defendant next contends that the trial court erred by admitting into evidence testimony from an expert witness that im-

plied that the child victim's assertions of abuse were truthful. We disagree.

The State's expert witness was the victim's therapist, a social worker. The social worker was allowed to testify about the characteristics present in sexually abused children and to the presence of similar characteristics in the victim. She also testified as follows:

Q: What was the purpose of [victim's] therapy?

A: The purpose of the therapy was to help her deal with feelings, to help her behavior at school, to raise her self-esteem; and to educate her about feelings and when you've been abused and how you can feel better about yourself and to teach her something about the things, like it's not her fault that adults are supposed to take care of kids and failed to do that.

Defendant contends that this statement, coupled with the testimony on behavioral traits, rises to the level of an improper assertion that the victim was telling the truth.

■ In cases in which the only evidence presented at trial consists of the victim's accusations and the defendant's denial, expert testimony that, "this history is very believable" is advice to the jury on how to decide the case and is highly improper. *People v. Gaffney*, 769 P.2d 1081 (Colo. 1989).

However, in *People v. Fasy*, 829 P.2d 1314 (Colo.1992), the supreme court reviewed similar expert testimony and held that the testimony was admissible. In *Fasy*, a psychologist who was treating the victim was allowed to testify about the symptoms of post-traumatic stress disorder, that a sexual assault on a child could trigger post-traumatic stress disorder, and that the victim had symptoms consistent with post-traumatic stress disorder. On redirect, the psychologist testified that he believed that victim's symptoms related to the sexual assault.

It was held in *Fasy* that the psychologist's statements were proper expert testi-

mony under CRE 702 that "would assist the jury in determining a fact in issue."

We hold the same true here. As in *Fasy*, the expert here did not testify regarding her assessment of the victim's believability, credibility, or truthfulness. In fact, on cross-examination the social worker testified to the following:

Q: Your job as a family therapist ... and specifically about [the victim] was not to investigate what had happened to [the victim]?

A: Correct.

Q: And you—your job is not even to find out if the history given is accurate or correct, isn't that true?

A: It's not my purpose.

Q: Okay. And in fact you cannot say what events cause [the victim] to ... have those characteristics or behavior traits, you can't tell us what events caused that?

A: Correct.

Hence, no error occurred in admitting the testimony of the expert witness.

### III.

Finally, defendant contends that evidence of similar transactions was improperly admitted under § 16–10–301, C.R.S. (1986 Repl.Vol. 8B) because no contemporaneous limiting instruction was given at its introduction. We perceive no error.

■ Defendant challenges all the evidence admitted regarding the first count, which the trial court dismissed at the close of evidence. As to this evidence, the court gave a limiting instruction in the general charge to the jury to consider it only to show common plan, scheme, or design. The defendant, however, objected at the close of the case to the admissibility of evidence being admissible for any purpose because no contemporaneous limiting instruction had been given regarding any of the evidence. We conclude that a contemporaneous limiting instruction was not required to permit the evidence to be considered by the jury for the limited purpose specified by the trial court.

The prosecution was allowed to wait until the close of the case to make an election

as to what specific transactions it was prosecuting. *See Thomas v. People*, 803 P.2d 144 (Colo.1990); *People v. Aldrich*, 849 P.2d 821 (Colo.App.1992). Thus, there was no error in admitting the evidence without a limiting instruction as a part of the prosecution's case-in-chief. *See Shier v. People*, 116 Colo. 353, 181 P.2d 366 (1947) (after prosecution presented evidence regarding four different incidents of sexual assault, trial court, at close of trial, required prosecution to elect one on which to prosecute; held, evidence of other three assaults not improperly admitted without a contemporaneous limiting instruction); *People v. Morones*, 39 Colo.App. 451, 569 P.2d 336 (1977) (where prosecution was not required to make an election until the close of trial on five counts of forgery, lack of contemporaneous limiting instruction was not error.).

Defendant's assertion that a contemporaneous limiting instruction should have been given is without legal basis. If, as here, the prosecution initially offers the evidence to establish a charged crime, a limiting instruction would only mislead and confuse the jury. To require a limiting instruction for every piece of evidence the prosecution presents, before the time it is required to make an election of a specific transaction, would make a *prima facie* case against the defendant impossible. As a result, we conclude that a limiting instruction only becomes necessary after the count is dismissed for lack of evidence as to the date of occurrence.

Unless there is a showing to the contrary, a reviewing court must presume that the jury followed an instruction to disregard evidence. *People v. Truesdale*, 190 Colo. 286, 546 P.2d 494 (1976). That presumption prevails here.

We hold that the limiting instruction given in the general charge was sufficient.

Judgment affirmed.

TURSI and METZGER, JJ., concur.